McGLUE (UNITED STATES v.). See Case No. 15,679.

## Case No. 8,804.

### In re McGLYNN.

[2 Lowell, 127.] [1]

District Court, D. Massachusetts. May, 1872.

BANKRUPTCY—ASSIGNEES—OBJECTION BY BANKRUPT—HOLIDAYS.

1. A bankrupt has a standing in court to object to the confirmation of assignees of his estate.

2. It is not illegal to hold a court of the United States on a day appointed by the president of the United States, and by the governor of the commonwealth, as a day of thanksgiving.

3. Where a register in bankruptcy held a first meeting of creditors on Thanksgiving Day, and no creditor was shown to have been injured thereby, and no one opposed the appointment of the assignee then chosen and qualified, except the bankrupt, and he had neglected to return the warrant to the register for a change of day, which the register had offered to make, the court refused to set aside the proceedings.

Petition by the bankrupt [James McGlynn] to set aside the appointment of assignees, because the first meeting of creditors was held on the day appointed by the governor of Massachusetts, and recommended by the president of the United States, as a day of general thanksgiving, alleging that seventeen creditors were named in the schedules, to whom were owed $3,451, and that only six of the creditors attended the meeting, and the aggregate of debts proved was $2,154.13; that the register was notified before the meeting was held that it had been called for a holiday; and that some creditors failed to attend by reason of the choice of this day. The answer of the assignees admitted that the meeting was held on Thanksgiving Day,

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

but denied that any creditor had failed to attend on that account; and averred that the bankrupt had been notified by the register in due season before the meeting, that, if he would return the warrant for correction, a new appointment should be made; but the bankrupt neglected so to do. At the hearing, there was no evidence that any creditor was dissatisfied with the proceedings, or had failed to attend the meeting by reason of its being held on Thanksgiving Day.

S. Thomson, for bankrupt.
R. M. Morse, Jr., for assignees.

LOWELL, District Judge. It was made a question in argument whether the bankrupt has a standing in court to make this application. I think he has. It is in the power of hostile assignees to oppress and embarrass the bankrupt; and, while the courts have very properly held that persons intimate and friendly with him might be objectionable on that very account, it has not been denied that the confirmation of assignees who are unreasonably hostile might be opposed by the bankrupt himself. He is bound, by the statute, under a severe penalty, to give notice of any false debt that may be offered for proof; he is, besides, personally interested to see that no false debt is proved, because the creditors have a voice in his discharge; he is interested in the assets in the not unprecedented event of a surplus. His connection with the settlement of his estate is so close that he may object to the appointment of an assignee whom he finds unfit, or to have been irregularly chosen.

The petitioner has not proved that the assignees are unfit or incompetent persons, nor that any creditor wishes a change, nor that any one was prevented from attending the meeting. There is nothing which addresses itself to the discretion of the court under section 18 [of the act of 1867 (14 Stat. 525)] to order a new election. The illegality of the meeting is the only point now insisted on. That question appears to be settled by the case of The Tangier, 23 How. [64 U. S.] 28, and same case. Salmon Falls Manuf'g Co. v. The Tangier [Case No. 12,265], in which it was decided that the fast-day appointed in Massachusetts was not a dies non for merchants and ship-owners. I understand that case to decide that a mere holiday, whether established by usage or by statute, is not binding on persons who do not choose to observe it, unless work is actually prohibited by law, as it is on Sundays. I have not found any act of congress, or of the legislature of the state, which makes work illegal or punishable on Thanksgiving Day. The courts of Massachusetts are not to be held on that day, except for the purpose of entering or continuing cases, instructing or discharging a jury, receiving a verdict, or adjourning. Gen. St. c. 122, § 4. This prohibition does not extend, and could not extend, to the

courts of the United States, as such, though, by comity, it would be likely to govern the practice of those courts, as it always has governed mine. So the president's proclamation appears to be rather a recommendation than an order. The bankrupt act (section 48) excludes Sunday, Christmas Day, the Fourth of July, and any day appointed by the president as a day of public thanksgiving, from the computation of time within which any act shall be done under that law, but does not of itself make the holding of court on those days illegal. I conclude, from this review of the law, that there was no positive irregularity in the meeting. The appointment was made by mistake, and the fact was first made known to the register by the bankrupt's attorney, after he had issued his warrant and given it to the bankrupt for service; and the register thereupon offered to change the day, if the warrant should be returned to him for that purpose. This was not done; and the only person who now objects to the proceedings is the bankrupt, who is responsible for them. Acquiescence would not make them valid, if they were void; but, as the question becomes one of discretion, and I find no creditor objecting, no person asking for an adjournment at the time, no imputation made in evidence upon the fitness of the assignees, and it seems probable that this application is intended merely to operate in avoidance of a suit which the assignees have brought against the bankrupt and his wife to set aside a conveyance which is alleged to be fraudulent, in which suit I have heretofore refused to inquire, collaterally, into the regularity of the first meeting of creditors. Under these peculiar circumstances, I do not think I ought to set aside the choice. Petition dismissed.